IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

SHAWN COOK,

    Plaintiff,

v.                                               Case No. 2:17-cv-04022

DAVID BALLARD,

    Defendant.

**PROPOSED FINDINGS AND RECOMMENDATION**

On September 22, 2017, the plaintiff, who is proceeding *pro se*, and who was then incarcerated at the Mount Olive Correctional Complex ("MOCC") filed the instant Complaint (ECF No. 2), and an Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1), which was granted by separate Order. This matter is assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

**STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), the court is obliged to screen each case in which a plaintiff seeks to proceed *in forma pauperis*, and must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Pursuant to 28 U.S.C. § 1915A, a similar screening is conducted where a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity.  28 U.S.C. § 1915A.[1]  This screening is done prior to consideration of an Application to Proceed without Prepayment of Fees and Costs, and notwithstanding the payment of any filing fee.  A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory.  *Denton v. Hernandez*, 504 U.S. 25 (1992).  A "frivolous" claim lacks "an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints.  However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face."  While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a civil rights case.  The Court wrote:

> Two working principles underlie our decision in *Twombly*.  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted).  Rule 8 . . . does not unlock the doors of discovery for a plaintiff

---

[1] At the time he filed the Complaint, the plaintiff was a prisoner who was approved to proceed *in forma pauperis*.  Thus, both of these statutory provisions are applicable in this case.

2

armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.

\* \* \*

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

556 U.S. 678-79.

## **ANALYSIS**

The Complaint, which concerns an incident at the Mount Olive Correctional Complex ("MOCC"), during which the plaintiff was held in a recreation yard cage for over two hours and was subjected to a use of chemical agents, names David Ballard, the former Warden of MOCC, as the sole defendant.[2] However, the Complaint contains no allegations concerning specific conduct by Ballard and appears to be attempting to hold him liable based upon a theory of *respondeat superior*, which is impermissible under 42 U.S.C. § 1983. S*ee Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 691 (1978) Furthermore, to the extent that the plaintiff seeks to hold Ballard liable as a supervisor, he has not sufficiently pled factual allegations to support such liability.

The Fourth Circuit has recognized that "supervisory officials may be held liable in certain circumstances for the constitutional injuries inflicted by their subordinates." *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984). However, such liability must be based upon the supervisor's own conduct and the burden of proof on a supervisory liability claim

---

[2] Although the Complaint describes the conduct of other prison employees, the plaintiff did not specifically name those employees as defendants.

3

is weighty. *Iqbal*, 556 U.S. at 676-677. "Liability in this context is not premised on *respondeat superior*, but on a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." *Monell*, 436 U.S. at 691; *see also Iqbal*, 556 U.S. at 677 ("[i]n the context of determining whether there is a violation of a clearly established right to overcome qualified immunity, purpose rather than knowledge is required…"). Three elements are necessary to establish supervisory liability:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994).

To establish the first element, a plaintiff must show "(1) the supervisor's knowledge of (2) conduct engaged in by a subordinate (3) where the conduct poses a pervasive and unreasonable risk of constitutional injury to the plaintiff." *Id*. "Establishing a 'pervasive' and 'unreasonable' risk of harm requires evidence that the conduct is widespread, or at least has been used on several different occasions and that the conduct engaged in by the subordinate poses an unreasonable risk of harm of constitutional injury." *Id*.

The second element may be established "by demonstrating a supervisor's 'continued inaction in the face of documented widespread abuses.'" *Id*. (citations omitted). The plaintiff assumes a "heavy burden of proof" because he "cannot satisfy his burden [] by pointing to a single incident or isolated incidents." *Id*. The third element is established "when the plaintiff demonstrates an 'affirmative causal link' between the

4

supervisor's inaction and the harm suffered by the plaintiff." *Id.* (citations omitted). Causation in this context encompasses both cause in fact and proximate cause. *Id.* The plaintiff's Complaint does not plausibly connect, to the extent necessary to demonstrate "tacit authorization," any conduct by Ballard to the alleged constitutional violations he addresses therein. *See Slakan*, 737 F.2d at 372. Again, the Complaint contains no facts about Ballard's conduct at all. Therefore, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Complaint fails to state a claim upon which relief can be granted against David Ballard and, thus, is subject to dismissal under 28 U.S.C. §§ 1915A and 1915(e)(2)(B).

Additionally, the plaintiff has been released from custody and has failed to provide the court with any updated contact information and has failed to communicate in any way with the court since filing his Complaint. Thus, the court has been prohibited from moving this matter forward and dismissal appears to be the only appropriate sanction. Accordingly, in the alternative, the undersigned proposes that the presiding District Judge dismiss this matter for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this matter for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B), or in the alternative, for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief

United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(C), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Chief Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff at his last known address.

October 9, 2020

Dwane L. Tinsley
United States Magistrate Judge